FILED
JANUARY 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 98

JUDGE ST. EVE
MAGISTRATE JUDGE KEYS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jennifer Zavala<br>8122 Christie Ave.<br>Lyons, IL 60534<br><br>      Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc.<br>c/o CT Corporation System,<br>Registered Agent<br>208 S. LaSalle St., Suite 814<br>Chicago, IL 60604<br><br>      Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT,<br>INVASION OF PRIVACY,<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. In or around August 2007, Plaintiff informed Defendant that Plaintiff was not permitted to receive personal phone calls at work, provided her home telephone number, and asked that Defendant call her at home rather than at work.

9. During this communication, Defendant told Plaintiff that Plaintiff had one week to pay until Defendant garnished Plaintiff's wages.

10. Despite Plaintiff's notice, Defendant telephoned Plaintiff's place of employment multiple times between August and October 2007.

11. During more than one of the communications referenced above, Plaintiff reiterated that Plaintiff was not permitted to receive personal telephone calls at work but Defendant continued to call.

12. During one of these communications, Defendant spoke to Plaintiff's co-worker and disclosed Plaintiff's debt.

13. During more than one of the communications referenced above, Defendant stated that if Plaintiff did not pay, Defendant would push the "red button" and garnish Plaintiff's wages.

14. During one of the communications referenced above, Plaintiff explained that Plaintiff needed money for health insurance and Defendant responded rudely by calling Plaintiff a "liar".

15. As a result of Defendant's repeated threats, Plaintiff has made three separate payments of $150.00.

16. On or around November 28, 2007, despite Plaintiff's notices, Defendant telephoned Plaintiff's place of employment and spoke to Plaintiff's boss.

17. During this communication, Defendant stated that Plaintiff needed to contact Defendant regarding Plaintiff's garnishment, and then Defendant abruptly hung up the telephone on Plaintiff's boss.

18. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

19. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collections Practices Act**

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

**Violation of the Fair Debt Collections Practices Act**

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

**Violation of the Fair Debt Collections Practices Act**

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

**Violation of the Fair Debt Collections Practices Act**

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

**Violation of the Fair Debt Collections Practices Act**

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT NINE

### Invasion of Privacy by Intrusion upon Seclusion

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

39. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

40. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

41. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

43. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

44. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:    s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com